## THE PROVISION FOR APPEAL WITHOUT BOND VALID.

Circuit Court of Cuyahoga County.

ERNEST J. HULL v. ABRAHAM KAUFMAN ET AL.

Decided, June 17, 1912.

*Municipal Court Jurisdiction—Appeal Without Bond from Justice Court —Constitutional Law.*

Section 11 of the act creating the municipal court of the city of Cleveland and providing for appeal without bond from a court of a justice of the peace to said municipal court, in certain cases, is constitutional.

*H. Preusser,* for plaintiff in error.
*Joseph Morganstern,* contra.

NIMAN, J.; MARVIN, J., and METCALFE, J., (sitting in place of Winch, J.), concur.

The plaintiff in error recovered a judgment against the defendants in error in the court of R. T. Morrow, a justice of the peace in and for Cleveland township, Cuyahoga county, Ohio. Within five days after the rendition of this judgment the defendants filed notice that they desired to appeal from said judgment to the municipal court of the city of Cleveland. Thereupon said justice of the peace transmitted to the clerk of the municipal court the papers in the action and a transcript of the docket showing the proceedings in the action.

The plaintiff then filed a motion to strike the original papers and transcript of the docket entries in the action, transmitted from the court of said justice of the peace, from the files. This motion was overruled by the municipal court and on error proceedings in the court of common pleas, brought to reverse the decision of the municipal court, the overruling of said motion was sustained. The plaintiff in error now seeks by this proceeding in error to secure a reversal of the judgment of the court of common pleas, affirming the action of the municipal court in overruling said motion.

The facts before us, and the error assigned, call for a determination of the constitutionality of Section 11 of the act creating the municipal court of the city of Cleveland (101 O. L., 364), as amended 102 O. L., 158.

The first paragraph of Section 11 reads as follows:

"In an action in a court of a justice of the peace which is appealable to the municipal court any party thereto may file with said justice, within five days after the rendition of a judgment or the making of a final order therein, a notice in writing that he desires to appeal from said judgment or final order to the municipal court, and forthwith all further proceedings in such action in the court of the justice of the peace shall cease, and the appeal shall be considered as perfected, and the appellant shall not be required to file bond. Said justice shall thereupon immediately transmit to the clerk of the municipal court all papers in said action, a transcript of his docket showing the proceedings and the costs of his court, and any moneys held by him in the action and the justice shall order the constable to turn over any property held by him in the action to the bailiff of the municipal court to be by him held as in like cases originating in the municipal court."

It is contended for the plaintiff in error that this section is unconstitutional, because it authorizes an appeal without bond, and therefore his motion should have been granted.

The section under consideration is claimed to be unconstitutional because, it is said, the subject of appeals from the judgment of a justice of the peace is of a general nature, and all laws dealing therewith must have uniform operation throughout the state, and since this section does not have uniform operation throughout the state, but applies to the municipal court, it violates Article II, Section 26, of the Constitution.

There can be no question of the power of the General Assembly to establish such a local or special court as the municipal court (State, ex. rel. v. Bloch, 65 O. S., 370). The constitutionality of the act creating the municipal court of the city of Cleveland is conceded.

Having power to create such a court, it necessarily follows that the Legislature has power to define its jurisdiction. In exercising this power the Legislature has provided for appeals

from the judgments of justices of the peace to the municipal court, and has authorized the taking of such appeals from the judgments of justices of the peace to the municipal court, and has authorized the taking of such appeals without bond.  This in no way interferes with the jurisdiction of justices of the peace from whose courts actions may be appealed.  It pertains solely to the jurisdiction of the municipal court, and the jurisdiction of that court is not a subject of a general nature.  The fact that in appeals from justice courts to the court of common pleas, bond is required of the party appealing, imposes no obligation upon the Legislature to require bond to be given in appeals to the municipal court.

In omitting to require bond of the party appealing from a judgment of a justice of the peace to the municipal court, the Legislature doubtless had in mind the correction of certain evils believed to exist in the justice court system and to facilitate the appeal of cases to the municipal court.  It was a proper exercise of power to provide for appeals without bond, and Section 11 of the act creating the municipal court, as amended 102 O. L., 158, is not unconstitutional.

The argument that the party who has recovered a judgment in the justice court is deprived of his right to have execution on his judgment without security of a bond, in case the losing party appeals to the municipal court, is one more clearly addressed to the justice or policy of the law than to its constitutionality. Moreover, the judgment in such case is not a finality.  It is obtained in contemplation of the law relating to appeals and the party obtaining it must be deemed to know that the jurisdiction of the municipal court may be invoked by the losing party.

Judgment affirmed.